IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE:                              )
                                    )
JACQUELYN GAIL COOK                 )      Case No. 06-60710
                                    )
              Debtor.               )

ORDER DENYING MOTION TO RECONSIDER
ORDER DENYING MOTION FOR RELIEF FROM STAY

Capital One Auto Finance requests that I reconsider my Order denying its motion for relief from the automatic stay as to the Debtor's 2004 Dodge Stratus.  Because I find that Capital One does not have a perfected lien on the Stratus, I will deny the Motion to Reconsider.

In October 2004, the Debtor, a Missouri resident, purchased the Stratus from Ramsey Motor Company, which is located in Arkansas.  On October 15, 2004, the Debtor signed a Retail Installment Contract and Security Agreement (the "Security Agreement") which granted Ramsey Motor Company a security interest in the Stratus.  Ramsey Motor Company immediately assigned the Security Agreement to Capital One, which had financed the Debtor's purchase of the car.  At the time of this transaction, the Stratus had an Illinois Certificate of Title. Ramsey Motor Company assigned the Illinois Title to the Debtor, noting Capital One's lien on the back of it.  Capital One filed a notice of its lien with the State of Arkansas Department of Finance and Administration on November 22, 2004.[1]

_____

[1]  The parties agreed at one point that, as of November 22, 2004, Capital One had a perfected lien against the Stratus under Arkansas law. However, that may not be correct, since Arkansas has adopted § 9-303 of the Uniform Commercial Code's Revised Article 9, which, as discussed below, provides that the law of the jurisdiction under whose certificate of title the

On about May 2, 2005, the Debtor applied for a Missouri title.  Although she did not mention Capital One's lien on the Application for Missouri Title and License, she did attach a copy of the Security Agreement to the Application.  When the Missouri Department of Revenue issued the Missouri Certificate of Title on May 16, 2005, however, Capital One's lien was not reflected on it.

The Debtor filed a Chapter 13 Petition on August 9, 2006.  She then discovered that Capital One's lien had not been noted on the Missouri Certificate of Title.  In addition, her search of the Missouri Department of Revenue's records did not show Capital One's lien.  Accordingly, the Debtor stopped making her payments to Capital One because, without a perfected lien, Capital One was a general unsecured creditor subject to the same treatment as other unsecured creditors under her plan.  Capital One moved for relief from the stay, which this Court denied on the basis that Capital One did not have perfected lien.  Capital One requests that I reconsider that Order.

Pursuant to § 544 of the Bankruptcy Code, the bankruptcy trustee has, as of the commencement of the case, the rights and powers of a hypothetical judicial lien creditor:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –

---

goods are covered governs perfection.  Since the Stratus had an Illinois Certificate of Title, Illinois law probably applied.  However, I need not decide here whether Capital One had a perfected lien under Arkansas or Illinois law at the time the Debtor bought the Stratus because, as discussed below, even if there was a perfected lien at that point, the subsequent issuance of the Missouri Certificate of Title, without the lien noted, rendered it unperfected.

2

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which ta creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.[2]

Therefore, if Capital One's lien was not validly perfected as of the date of the bankruptcy filing, the trustee as lien creditor takes the vehicle without its being subject to such lien.

The issue of whether a security interest is valid is determined by state law. Missouri, Arkansas, and Illinois have all adopted Revised Article 9 of the Uniform Commercial Code, which includes § 9-303, the UCC's law governing perfection and priority of security interests in goods covered by a certificate of title. Missouri's version of that provision appears at § 400.9-303 of the Missouri Statutes, which provides, in relevant part:

(a) This section applies to goods covered by a certificate of title, even if there is no other relationship between the jurisdiction under whose certificate of title the goods are covered and the goods or the debtor.

(b) Goods become covered by a certificate of title when a valid application for the certificate of title and the applicable fee are delivered to the appropriate authority. Goods cease to be covered by a certificate of title at the earlier of the time the certificate of title ceases to be effective under the law of the issuing jurisdiction or the time the goods become covered subsequently by a certificate of title issued by another jurisdiction.

(c) The local law of the jurisdiction under whose certificate of title the goods are covered governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in goods covered a certificate of title from the time the goods become covered by the certificate of title until the goods cease to be covered by the certificate of title.

(d) When a notice of lien is filed in accordance with chapter 301 or 306,

---

[2] 11 U.S.C. § 544(a)(1).

3

RSMo, then the lien is perfected and this chapter shall not govern perfection or nonperfection or the priority of the lien even though a valid application for a certificate of title and the applicable fee was not delivered to the appropriate authority or the certificate of title was not issued by such authority.[3]

When the Debtor bought the Stratus, it was "covered" by the Illinois Certificate of Title. However, under § 9-303(b), when the Missouri Department of Revenue issued its Certificate of Title on May 16, 2005, the Stratus ceased to be covered by the Illinois Certificate of Title and became covered by the Missouri Certificate of Title.  At that point, Missouri law became the local law of the jurisdiction under whose certificate of title the Stratus was covered and, under § 9-303(c), Missouri law governs perfection of liens on it.

In Missouri, "[i]f an owner creates a lien or encumbrance on a motor vehicle or trailer . . . the owner shall immediately execute the application . . . to name the lienholder on the certificate, showing the name and address of the lienholder and the date of the lienholder's security agreement, and cause the certificate, application and the required fee to be delivered to the director of revenue."[4]  "The lienholder . . . shall deliver to the director of revenue a notice of lien . . . as provided in section 301.600."[5] "[A] lien . . . on a motor vehicle . . . is perfected by the delivery to the director of revenue a notice of a lien. . . .  The notice of lien is perfected as of the time of its creation if the delivery of such notice to the director of

---

[3] Mo. Stat. Ann. § 400.9-303.  *See also* 810 Ill. Comp. Stat. Ann. 5/9-303; Ark. Code Ann. § 4-9-303.  The Arkansas and Illinois versions of this provision are nearly identical to the Missouri statute, except that they do not contain subparagraph (d).  However, that paragraph is not determinative here.

[4] Mo. Stat. Ann. § 301.620(1).

[5] Mo. Stat. Ann. § 301.620(2).

4

revenue is completed within thirty days thereafter, otherwise as of the time of the delivery."[6]

Here, the Debtor filed her Application for Missouri Title and License several months after she bought the car.  Arguably, she may have violated § 302.620(1) due to the delay and failure to name Capital One as a lienholder on the Application, although that is not the subject of this dispute.[7]   In any event, Capital One never delivered a notice of lien to the Missouri Department of Revenue under §§ 301.620(2) and 301.600.2.  Accordingly, Capital One's lien is not perfected under Missouri law.

Capital One argues, however, that since the Stratus was subject to Capital One's lien when the Debtor brought it into Missouri, § 301.600.4 applies.  That section provides:

> If a motor vehicle or trailer is subject to a lien or encumbrance when brought into this state, the validity and effect of the lien or encumbrance is determined by the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, subject to the following:
>
> > (1) If the parties understood at the time the lien or encumbrance attached that the motor vehicle or trailer would be kept in this state and it was brought into this state within thirty days thereafter for purposes other than transportation through this state, the validity and effect of the lien or encumbrance in this state is determined by the law of this state.
> >
> > (2) If the lien or encumbrance was perfected pursuant to the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, the following rules apply:
> >
> > > (a) If the name of the lienholder is shown on an existing certificate of title or ownership issued by that jurisdiction, the

---

[6]  Mo. Stat. Ann. § 301.600.2.

[7]  *See* Mo. Stat. Ann. § 301.620(5) (providing that failure to name the lienholder in the application for title is a class A misdemeanor).

5

lien or encumbrance continues perfected in this state.[8]

According to Capital One, under this provision of Missouri law, when the Debtor bought the car and Capital One's lien attached, the lien was properly perfected pursuant to Arkansas law and was shown on the then-existing Illinois Certificate of Title. Hence, assuming that is true, under § 301.600.4(2)(a), Capital One says its lien continued to be perfected, despite the Missouri Department of Revenue's failure to note the lien on the Missouri Certificate of Title. Capital One relies on my decision in *In re Westfall*,[9] in support of its position.

However, *Westfall* was decided before the UCC's revised Article 9 became applicable. Under revised Article 9, assuming Capital One had a valid lien due to its notation on the Illinois Certificate of Title, that lien would likely have remained effective *if* no Missouri Certificate of Title had been issued. As mentioned above, however, under either Arkansas, Illinois, or Missouri's UCC § 9-303, once the Missouri Title was issued, the Stratus was no longer covered by the Illinois Title. Missouri law, therefore, applies. Capital One did not comply with Missouri's perfection requirements, and the Missouri Title does not reflect Capital One's lien. Therefore, it is not perfected. In effect, Capital One's reliance on § 301.600.4(2) here is circular because, even if you look to Arkansas law, the lien is not perfected because § 4-9-303 of the Arkansas Code says that the Missouri Title has replaced the Illinois Title, and Missouri law applies. Because *Westfall* predates UCC § 9-303, it is no longer applicable.

---

[8] Mo. Stat. Ann. § 301.600.

[9] 227 B.R. 734 (Bankr. W.D. Mo. 1998).

Finally, Capital One contends it properly perfected its lien in Arkansas and it should not be penalized for the Debtor's or the Missouri Department of Revenue's failure to note its lien on the subsequent Missouri Title.  Usually, such a lien should have been noted on the new title and, it appears, the omission of Capital One's lien in this case was an error. However, in this particular instance, Capital One concedes that it knew that the Debtor lived in Missouri.  Therefore, it had a mechanism for protecting its lien: filing its notice of lien in Missouri, where it knew the Debtor was taking the car.  Under § 300.600.2, the Director of Revenue is required to mail or electronically confirm receipt of the notice of lien to the lienholder within fifteen business days after the notice of lien is filed.  In such cases where an error such as this one occurs, the lienholder will know it when it does not receive this confirmation.

The policy behind certificate of title laws is that potential purchasers or creditors may rely upon a certificate of title or other perfection under the laws of the state issuing the title.[10] Revised UCC § 9-303 makes clear that once the Missouri Title was issued, the lien was required to be perfected under Missouri law.  Capital One, which knew the Debtor lived in Missouri, did not act to file its notice of lien in this state.  Therefore, a potential buyer or lender on the Stratus would not have found the lien by either looking at the Certificate of Title or searching Missouri records.  Since the Trustee as lien creditor stands in the shoes of such a buyer or lender, his interest prevails over Capital One's.

---

[10]  *See Meeks v. Mercedes Benz Credit Corp.*, 257 F.3d 843, 845 (8th Cir. 2001).

7

ACCORDINGLY, Capital One's Motion to Reconsider the Order Denying its Motion

for Relief from Stay is, therefore, DENIED.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: March 1, 2007

Attorney for movant to serve parties not receiving electronic notice